UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Composite Resources Inc., | C/A No. 6:19-mc-0003-DCC |
| Plaintiff, | |
| v. | **ORDER FOR FILING SUPPORTING EXHIBITS UNDER SEAL** |
| North American Rescue Products LLC, | |
| Movant, | |
| v. | |
| Combat Medical Systems LLC and Alphapointe, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Seal Document Exhibits C, E, F, J, M, N, and P. ECF No. No. 5. For the reasons set forth in this Order, Defendants' Motion is granted and Defendants are permitted to file the Supporting Exhibits under Seal.

## BACKGROUND

Movant filed a Motion to Quash or, in the alternative, for Protective Order on January 2, 2019. Defendants have now filed a Motion to file certain documents under seal and have submitted the exhibits for the Court's *in camera* review. The exhibits are various emails that contain sensitive commercial information.

## LEGAL STANDARD

In *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), the Fourth Circuit recognized that a U.S. District Court has "supervisory power over its own records and may, in its discretion, seal documents if the public's right or access is outweighed by competing interests." *See also In*

*re Knight Publishing*, 743 F.2d 231, 234 (4th Cir. 1984). There is a presumption in favor of public access to court records. *Ashcraft*, 218 F.3d at 302. A U.S. District Court, however, has discretion to seal court records if: (1) it gives public notice of the request to seal so as to allow interested parties a reasonable opportunity to object; (2) it considers less drastic alternatives to sealing the documents; and (3) it provides specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.*

## CONCLUSIONS OF LAW

Turning to the instant action, the Court finds that it is appropriate to seal the documents at issue based on these three criteria.

Regarding the first criteria, Local Civil Rule 5.03(D) (D.S.C.) provides that the docketing of a motion to seal in a manner that discloses its nature constitutes public notice of the motion.

Regarding the second criteria, confidential and sensitive material appears throughout the exhibits, and it would be difficult to adequately redact all the potentially sensitive information while retaining the necessary context of the exhibits. Therefore, there are no less drastic alternatives other than sealing the document.

Regarding the third criteria, it appears that the exhibits contain sensitive business information. Therefore, the public's right to obtain this information is outweighed by the competing interest of the parties in keeping its confidential information private. Accordingly, in accordance with Local Civil Rule 5.03 (D.S.C.), the Motion to file certain documents under seal is granted.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Seal Document Exhibits C, E, F, J, M, N, and P is GRANTED. Defendants may file the exhibits under seal.

IT IS SO ORDERED.

                                                        s/Donald C. Coggins, Jr.
                                                       United States District Judge

January 23, 2019
Spartanburg, South Carolina